FILED

SEP 21 2021

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>REGGINALD MOODY,<br>TARA MORGAN, and<br>KAITLYN BATES,<br><br>          Defendants. | Criminal No. 1:21CR51<br><br>Violations: 18 U.S.C. § 2<br>18 U.S.C. § 922(a)(6)<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 922(g)(3)<br>18 U.S.C. § 924(a)(2)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(D)<br>21 U.S.C. § 846 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

(Conspiracy to Distribute Marijuana)

From in or about February 2020, to in or about June 18, 2020, in Monongalia County, in the Northern District of West Virginia, and elsewhere, defendants **REGGINALD MOODY and KAITLYN BATES**, and others, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding to violate Title 21, United States Code, Section 841(a)(1). It was a purpose and object of the conspiracy to possess with intent to distribute, and to distribute marijuana, a Schedule I narcotic controlled substance; in violation of Title 21, United States Code, Sections 841(b)(1)(D) and 846.

## COUNT TWO

(False Statement in Connection with the Acquisition of Firearms)

On or about May 7, 2020 in Monongalia County, in the Northern District of West Virginia, defendant **TARA MORGAN**, aided and abetted by defendant, **REGGINALD MOODY**, in connection with the acquisition of a firearm, that is an Aero Precision lower receiver, model M4EI, multi-caliber, serial number M4-0161927, from a licensed dealer of firearms, did knowingly make a false written statement that was intended and likely to deceive such a dealer with respect to a fact material to the lawfulness of the sale of such firearm, that is **TARA MORGAN** falsely asserted in the Bureau of Alcohol, Tobacco, Firearm, and Explosive form 4473, Firearm Transaction Record that she was the actual purchaser of said firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT THREE

(Unlawful Possession of a Firearm)

On June 16, 2020, in Monongalia County, in the Northern District of West Virginia, defendant **REGGINALD MOODY**, knowing that he was an unlawful user of and addicted to a controlled substance, that is marijuana, knowingly possessed a firearm, to wit, an Aero Precision lower receiver, model M4EI, multi-caliber, serial number M4-0161927, and the firearm was in and affecting commerce; in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

## COUNT FOUR

(Aiding and Abetting the Possession with Intent to Distribute Marijuana)

On or about June 18, 2020, in Monongalia County, in the Northern District of West Virginia, defendants **REGGINALD MOODY and KAITLYN BATES,** aided and abetted by each other, did unlawfully, knowingly, intentionally and without authority possess with intent to distribute marijuana, a Schedule I narcotic controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

*Gun Control Act*

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1), the government will seek the forfeiture of any firearm and any ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2), Unlawful Possession of a Firearm, including:

1. Aero Precision lower receiver, model M4EI, multi-caliber, serial number M4-0161927;
2. 180 rounds of .223 and 5.56x45 caliber ammunition; and
3. Five loaded ammunition magazines.

*Controlled Substance Act*

1. Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Sections 841 and 856, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

2. Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Grand Jury Foreperson

/s/_____
RANDOLPH J. BERNARD
Acting United States Attorney

Zelda E. Wesley
Assistant United States Attorney

6